# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS | Case No.  2:26–cv–06431–AH–BFM |
| Plaintiff(s), | |
| v. | **STANDING ORDER FOR CIVIL CASESASSIGNED TO JUDGE ANNE HWANG** |
| AYANNA DAVIS FOR ASSEMBLY 2026, et al. | |
| Defendant(s). | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to Judge Anne Hwang. Both the Court and all counsel bear responsibility for the progress of litigation in this Court. "Counsel," as used in this Order, includes attorneys and parties who have elected to appear without an attorney and are representing themselves in this civil litigation (hereinafter referred to as "pro se litigants"). To "secure the just, speedy, and inexpensive determination" of this action, all called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to comply with this Order, the Federal Rules of

1.

Civil Procedure, and the Local Rules of the Central District of California.

Counsel for the plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the defendant that removed the case shall serve this Order on all other parties.

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

**A.      GENERAL REQUIREMENTS**

**1.      Civility.**  All counsel must immediately review and comply with the Court's Civility and Professionalism Guidelines, available at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

**2.      Pro Se Litigants.**  Parties appearing as pro se litigants are required to comply with all Local Rules, including Local Rule 16 ("Pretrial Conferences; Scheduling; Management"). Only individuals may represent themselves. A corporation or other entity must be represented by counsel, and if counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal––i.e., a plaintiff entity's case will be dismissed, or a defendant entity will default. *See* Local Rule 83-2.3.4.

**3.      Presence of Counsel if a Party Has More Than One Attorney.** Only one attorney for a party may be designated as lead counsel (and the designation must appear on the docket if a party has more than one attorney). Counsel who is most knowledgeable may address and resolve all matters within the scope of the proceeding. The Court does not require lead counsel to attend all proceedings if other counsel have more knowledge about and are more prepared to address the matters within the scope of the proceeding, so long as counsel has sufficient authority to resolve all matters within the scope of the proceeding. To provide more experience to the next generation of practitioners, the Court encourages lead counsel to permit junior counsel to fully participate in all

proceedings, including to argue motions and to examine witnesses at trial.

**4.** **Communications with Chambers.** Neither counsel nor a party shall initiate contact with the Court or its Chambers' staff by telephone, or by any other improper *ex parte* means. Counsel may contact the CRD with appropriate inquiries. Contacting the CRD to inquire about the status of a pending matter or to continue a proceeding is not appropriate. Nor should counsel contact the CRD to inquire about court procedure when the answer is readily available by consulting the Local Rules and the Court's Standing Orders. The preferred method of communication with the CRD is by email. Counsel must copy all parties on any such email. To facilitate communication with the CRD, counsel should list their email addresses along with their telephone numbers on all papers. Please send an email to the CRD of any calendar conflicts.

**5.** **Duty to Notify of Settlement.** Counsel must advise the Court immediately if (1) the case or any pending matter has been resolved or (2) a motion is pending, and the parties are engaged in serious negotiations that appear likely to resolve the case or the pending motion. Failure to provide timely notice of settlement may result in sanctions.

**B.** **PLEADINGS REQUIREMENTS**

**1.** **Service of the Complaint.** The plaintiff(s) shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Fed R. Civ. P. 4(l). Any defendant(s), including "DOE" or fictitiously-named defendant(s), not served within ninety (90) days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m) and by operation of this Order without further notice, unless plaintiff requests and justifies the need for additional time in the joint report and the Court grants an extension.

**2.** **Removed Actions.** Any answers filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rules. If an action removed to this Court that

contains a form pleading (i.e., a pleading in which boxes are checked), the party or parties utilizing the form pleading must file within thirty (30) days of the filing of the Notice of Removal a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10, and 11. An amended complaint filed within thirty (30) days after removal to replace a form complaint pursuant to this instruction shall be deemed an amended complaint with "the court's leave" pursuant to Fed. R. Civ. P. 15(a)(2).

**3.      Status of Fictitiously Named Defendants.** The plaintiff should identify and serve any fictitiously named defendant(s) before the deadline set forth in the Court's Order Setting Scheduling Conference. Before moving to substitute a defendant for a Doe defendant, the plaintiff must seek the consent of counsel for all defendants, including counsel for a represented Doe defendant. If denied consent, the plaintiff must file a regularly noticed motion. In diversity cases, the plaintiff's motion must address whether the addition of the newly named party destroys diversity jurisdiction. *See* 28 U.S.C. § 1447(c), (e).

**C.      ORDER SETTING SCHEDULING CONFERENCE**

Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an Order Setting Scheduling Conference. The parties are required to strictly comply with Fed. R. Civ. P. 16 and 26, as well as this Court's Orders.

**D.      DISCOVERY**

**1.      Magistrate Judge Referral for All Discovery Matters.**  All discovery matters are referred to the assigned Magistrate Judge. All documents relating to discovery matters must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel must follow the Magistrate Judge's procedures for scheduling matters for a hearing.

**2.      Limited District Court Review of Discovery Matters.**  The decision of the Magistrate Judge shall be final, subject to limited review requiring a showing that the decision is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Any motion for review of a Magistrate Judge's decision must be

noticed within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall provide the Magistrate Judge with Chambers Copies of the moving papers and responses consistent with that Magistrate Judge's procedures.

> **3.**     **Compliance with Fed. R. Civ. P. 26(a).**  The parties must comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and engage in discovery promptly. The Court allows discovery to commence as soon as the first answer or motion to dismiss is filed. **Discovery shall not be stayed** while any motion is pending, including any motion to dismiss, motion for protective order or motion to stay. At the Scheduling Conference, the Court will impose firm deadlines governing the completion of discovery. **The parties are directed to conduct any necessary discovery as soon as possible, as the Court is not inclined to grant any extensions of the discovery or other case-related deadlines absent sufficient good cause.**

## E.     FILING REQUIREMENTS

> **1.**     **Electronic Filing.**  Pursuant to Fed. R. Civ. P. 5(d)(3), Local Rule 5-4, and General Order 10-07, counsel shall electronically file ("e-file") all filings. Items that do not require the Court's signature shall be e-filed in PDF format. Pro se litigants may submit documents for filing through the Court's Electronic Document Submission System ("EDSS") instead of mailing or bringing documents to the Clerk's Office. Only internet access and an email address are required. Documents are submitted in PDF format through an online portal on the Court's website. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

\\\

**2.** **Documents with Declarations, Exhibits, and Other Attachments.**
If a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice). The Court may strike or decline to consider motions, stipulations, or other documents with attachments that are not filed in accordance with this Order.

**3.** **Proposed Orders.**

**(a)** **Proposed Orders Must be Lodged and Served**. Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**(b)** **Email Proposed Orders to Chambers.** The Court enforces strict compliance with L.R. 5-4.4.2, which instructs: "After a document requiring a judge's signature has been lodged under L.R. 5-4.4.1, a. . . Microsoft Word copy of the proposed document, along with a PDF copy of the electronically filed main document, must be emailed to the assigned judge's generic chambers email address," namely, AH_chambers@cacd.uscourts.gov. The Court will not consider a stipulation, *ex parte* application, or other request for relief until a compliant proposed order is received by email. If the proposed order is based on a stipulation or an *ex parte* application, counsel must email both the order and the stipulation or *ex parte* application. Otherwise, accompanying documents (such as motions) should not be emailed to Chambers.

**4.** **Chambers Copies.** Chambers Copies (paper copies that are sent to Chambers upon electronic filing of the document) are required for the following documents only: (1) motion papers (motions, oppositions, replies, and related documents, including motions *in limine*; (2) *ex parte* applications and temporary restraining orders; and (3) pretrial documents (memoranda of fact and law, witness

and exhibit lists, pretrial conference statement, jury instructions, verdict forms, etc.). Chambers Copies must comply with the rules below.

(a)   **Timeliness and Location**.  Deliver Chambers Copies promptly to Judge Hwang's mailbox outside the Clerk's Office on the fourth floor of the First Street Courthouse. Applicable documents will not be considered until Chambers Copies are submitted. Delay in submitting such copies will delay consideration of the submission.

(b)   **Format.**  Chambers Copies, which do not need to be submitted with blue backing, should be copies of the filed document––i.e., they should have the docket information on the top of each page. Filings that include highlighting, color photographs, "redlining," or the like should be printed in color.

5.   **Artificial Intelligence.** Any party who uses generative artificial intelligence (such as ChatGPT, Harvey, CoCounsel, or Google Bard) to generate any portion of a brief, pleading, or other filing must attach to the filing a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations.

F.   **MOTIONS – GENERAL REQUIREMENTS**

1.   **Time for Filing and Hearing Motions.** Motions shall be filed in accordance with Local Rules 6 and 7. This Court hears civil motions on Wednesdays, beginning at 1:30 p.m.

2.   **"Meet and Confer" Requirement.** Local Rule 7-3 requires counsel to conduct a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."

(a)   **Scope**.  This requirement applies in all cases, including those with pro se litigants, and extends to all issues. If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the contested issues. Parties must meet and confer in person or by videoconference; email

correspondence is insufficient. A motion not supported by the certification below may be stricken or summarily denied.

**(b)   Certification**.  The moving party shall include a signed certification attached to the end of the filed motion as follows: "*I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.*"

**(c)   Sanctions**. Failure by any party to comply in good faith with the "meet and confer" requirement shall result in an order to show cause re sanctions– including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions.

**3.   Length and Format of Motion Papers.**  Memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed twelve (12) pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. Typeface and spacing shall comply with Local Rule 11-3.1.1, except that the parties are required to use only 14-point Times New Roman font. Footnotes shall be in the same font and the same size as the body of the memorandum. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to PDF format so that when a document is electronically filed, it is in proper size and is text searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

**(a)   Documents with Declarations, Exhibits, and Other Attachments.**  If a filed or lodged document has declarations, exhibits, or other attachments, each of these must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration).

**(b)    Citations to Case Law.** Citations to case law must identify not only the case cited, but the specific page referenced. Citations to cases must be in Bluebook format. Parties should not use string cites without good reason. When using string cites, a party should include a parenthetical explanation for each cited case.

**(c)    Citations to Other Sources.** Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

**4.    Oral Argument.**

**(a)    Time Limits**.  If oral argument is permitted, the parties will have ten (10) minutes each for oral argument, unless the Court states otherwise. If the Court believes that the matter warrants less or more time, it will advise counsel at the hearing.

**(b)    Submission Without Oral Argument**.  Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court may deem a matter appropriate for decision without oral argument.

**(c)    Remote Appearances**.  Remote appearances are disfavored absent good cause shown.

**(d)    Telephonic Hearings**.  The Court seldom permits telephonic appearances. The Court strongly prefers counsel to appear in person. If exceptional circumstances exist, counsel may file an application to appear telephonically detailing such circumstance.

**G.    SPECIFIC MOTION REQUIREMENTS**

**1.    Motions Pursuant to Federal Rule of Civil Procedure 12.** Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See Polich v.*

*Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, leave to amend shall be "freely give[n]...when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose* 893 F.2d 1074, 1079 (9th Cir. 1990). Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading to determine if an amendment would cure the defects. The moving party, in turn, should agree to any amendment that would cure the defect.

**2.      Motions to Amend.**  In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page and line number(s) and wording of any proposed change or addition of material. Counsel shall electronically file a "Notice of Lodging" attaching the proposed amended pleading as a document separate from the motion, as well as a "redlined" version of the proposed amended pleading identifying all additions and deletions of material as an appendix to the moving papers.

**3.      Motions and Stipulations to Continue.**  Continuances are granted only on a showing of good cause. Requests for continuances must be made before the date to be continued and by motion or stipulation, along with a proposed order. Motions and stipulations must be accompanied by a detailed declaration setting

forth the specific reasons for the requested continuance and the precise deadline(s) the parties propose. A stipulation that fails to list the precise date(s) the parties wish to move, and the new date(s) they propose, will be denied for failure to comply with this Standing Order. For example, if the stipulation improperly proposes that all deadlines be moved by "60 days" without specifying the proposed new dates that would result from that requested continuance, the Court will deny the request. The declaration also should state whether there have been any previous requests for continuances; whether these requests were granted or denied by the Court; what efforts were made to meet the existing deadline; and what, if any, prejudice would result if the request is denied. Stipulations extending dates set by this Court are not effective unless approved by the Court. Continuances will not be granted routinely.

**4.**      **Motions *in Limine*.**  Motions *in limine* shall be noticed for hearing on the Final Pretrial Conference Date.

**5.**      **Daubert Motions.** *Daubert* motions shall be set for a hearing no later than eight (8) weeks before the Final Pretrial Conference Date.

**6.**      **Motions for Class Certification.**  If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. The Court's Civil Pretrial Schedule and Trial Order sets forth the deadline to hear a motion for class certification.

**7.**      **Motions for Default Judgment.**  Unless the Court orders otherwise, motions for default judgment shall be filed within fourteen (14) days after the later of (1) entry of default against the last remaining defendant or (2) resolution of all claims against all defendants who have not defaulted. The motion must include a showing of both subject-matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A plaintiff who moves for default judgment and wishes to seek attorney's fees and costs must include in the motion a properly

11.

supported request for attorney's fees and costs together with the motion for default judgment. Failure to do so will result in the striking of any subsequent motion for attorney's fees and costs absent a showing of good cause. The Court may vacate the hearing on a motion for default judgment if no opposition is timely filed, and the notice of motion should so state. Unless the Court orders otherwise, the movant must appear at the motion hearing prepared to argue the motion and respond to any tentative opinion even in the absence of an opposition.

**8.** **Motions for Attorney's Fees.**  A motion for attorney's fees must be supported by documentation of the billed hours for which the movant seeks to recover fees. For any motion requesting more than $50,000 in fees, the movant shall additionally provide by email to the CRD an Excel spreadsheet documenting the hours for which the movant seeks recovery, using the format in the following example:

| Date | Name | Position | Task | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 3/1/24 | John Doe | Associate | Drafted summary judgment motion | 0.5 | $500 | $250 |
| 3/2/24 | Bob Smith | Partner | Spoke with client about ongoing discovery obligations | 1 | $1,000 | $1,000 |
| 3/5/24 | James Doe | Paralegal | Assembled case files | 0.5 | $100 | $50 |

**9.** **Summary Judgment Motions.**  When filing or opposing a motion for summary judgment, a party must comply with Fed. R. Civ. P. 56, Local Rule 56, and the Court's Standing Order for Civil Cases. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that clearly identifies the facts material to the motion for summary judgment (e.g., generous

use of tabs, tables of contents, headings, indices, etc.). Each separately represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities. Replies shall not exceed twelve (12) pages.

(a)   **Joint Brief Required.**   The parties shall work cooperatively to submit a single Joint Brief, that is including moving and opposition papers, for any summary judgment motion brought by any moving party(ies). Each party's arguments in the Joint Brief shall be responsive to the opposing party's arguments. Accordingly, the parties shall provide their portions of the Joint Brief to the opposing parties sufficiently in advance of the motion filing deadline in order to submit a proper Joint Brief, not one in which each party's portion is simply added to a joint filing. If multiple parties are moving for summary judgment, the parties should designate only one party as "the moving party" for purposes of the briefing schedule. The Court expects the parties to work together professionally and agree on which party should be designated the moving party. If the parties are unable to agree, the defendant(s) shall be deemed the moving party.

(b)   **Content and Organization of Joint Brief.**   The Joint Brief should contain the following: (1) a table of contents; (2) a table of authorities; (3) an optional brief introduction section stated jointly or, if stated separately by each party, stated under an appropriate subheading identifying the party (e.g., "ACME Co.'s Introduction" or "Defendant's Introduction"); (4) a statement of facts section stated jointly or, if stated separately by each party, stated under an appropriate subheading identifying the party (e.g., "ACME Co.'s Statement of Facts" or "Defendant's Statement of Facts"); (5) an analysis or argument section that sets forth the arguments organized by issue that present the parties' competing positions on an issue-by-issue basis. For each issue, the moving party shall present legal argument, citation to authority where applicable, and citation to the Joint Appendix of Facts, see below, followed immediately by the opposing party's response that similarly must be supported by legal argument, citation to authority,

and citation to the Joint Appendix of Facts.

**(c)    Multiple Joint Motions are Highly Disfavored.**  No more than one joint motion may be filed under Fed. R. Civ. P. 56 without leave of court, regardless of whether such motion is denominated a motion for summary judgment or summary adjudication. In the rare case in which leave of Court is sought, the parties shall file a joint noticed motion setting forth their respective positions on the existence of good cause for the filing of multiple motions. If multiple motions for summary adjudication are filed by the same party without leave of court, the first filed motion will be considered and the subsequent motion(s) will be stricken.

**(d)    Cross-Motions on the Same Legal Issues are Disfavored.**
The Court disfavors cross-motions that seek to adjudicate the same legal issues. If a non-moving party has a good faith belief that the undisputed material facts relied on by the moving party actually demonstrate that the opposing party is entitled to summary judgment on the same legal issue, the non-moving party should set forth its argument in its response to the moving party's argument and request summary judgment. Pursuant to Fed. R. Civ. P. 56(f), if appropriate based on undisputed facts and controlling principles of law, the Court may grant summary judgment for the non-moving party or sua sponte enter summary judgment in favor of the non-moving party. If each party is seeking to move for summary judgment on different claims or defenses, each party should meet and confer and follow the same procedures set forth in this Order.

**(e)    Appropriate Timing.**  Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. As a courtesy to both the Court and the opposing party, a moving party should not wait until the last possible day to initiate the filing of a summary judgment motion. On the other hand, premature summary judgment motions− e.g., motions claiming that the opposing party has insufficient evidence when discovery does not close for another six months−only waste time and money for the parties and the Court.

14.

**(f)** **Briefing Schedule.** This Court requires an extended briefing schedule for motions under Fed. R. Civ. P. 56. The Joint Brief and all supporting documents must be filed at least **five (5) weeks** before the noticed hearing date. Any Reply Brief by the moving party must be filed **three (3)** weeks before the noticed hearing date.

**(g)** **Joint Appendix of Facts ("JAF").** The Joint Brief shall be accompanied by a single statement of undisputed and disputed facts contained in a JAF presented in a table.

**(h)** **Joint Appendix of Evidence ("JAE").** The Joint Brief shall be accompanied by a JAE (e.g., a separate, tabbed appendix of all evidence in support of or opposition to the summary judgment motion, including declarations, deposition excerpts, documents, photographs, etc.). Physical evidence (e.g., video recordings) shall be lodged separately. No evidence should be attached to a memorandum of points and authorities or included anywhere other than in the JAE. The JAE shall include a table of contents. The JAE shall be filed as a single, combined PDF; more than one PDF may be filed if file-size constraints preclude filing the JAE as a single PDF. In the event multiple PDFs are necessary to file the JAE, each file shall be titled by part and exhibit series (e.g., JAE Part 1, Exhibits 1−50). Each exhibit within the JAE must be bookmarked; the bookmark should include the exhibit number and a brief description of the exhibit (e.g., Ex. 1 − Jones Depo. Excerpts). Citations to the JAE shall be to the page and line within the particular exhibit. Declarations shall set out admissible facts without any argument, and evidence must be submitted either by stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and must not be attached to the Joint Brief. No party shall submit evidence other than the specific evidence necessary to support or controvert a proposed statement of undisputed fact. Do not, for example, submit the entire deposition transcripts or an entire set of interrogatory responses when relying on only a portion of such documents.

15.

Documentary evidence for which there is no stipulation regarding authenticity must be accompanied by testimony, either by declaration or deposition transcript, of a witness who can establish authenticity.

**(i)     Joint Appendix of Objections ("JAO").**  The Joint Brief shall be accompanied by a JAO–i.e., evidentiary objections, if any, shall be made in a single, separate document presented in a four-column table.

**10.     *Ex Parte* Applications (Including Temporary Restraining Orders and Applications for Injunctive Relief).** The Court considers *ex parte* applications on the papers and does not usually set these matters for a hearing. If a hearing is necessary, the parties will be notified. *Ex parte* applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Any party seeking *ex parte* relief, including temporary restraining orders and preliminary injunctions under Fed. R. Civ. P. 65, must comply with Local Rule 7-19 (and Local Rule 65 for temporary restraining orders and preliminary injunctions). The moving party must also serve the opposing party by email, fax, or personal service, and notify that party that opposing papers must be filed not later than forty-eight (48) hours following service or by 3:00 p.m. on the first court day after the service, whichever is later. The opposing party should advise the CRD as soon as possible whether it intends to oppose the *ex parte* application. The application will not be considered until a Mandatory Chambers Copy has been provided. Reply briefs in support of *ex parte* applications are not permitted. The parties must provide Chambers Copies of TRO-related documents on the same day they are filed. The Court generally will not rule on any application for such relief for at least forty-eight (48) hours (or two (2) court days) after the party subject to the requested order has been served unless service is excused or unless the interests of justice so require. The parties should not assume that an unopposed *ex parte* application will be granted; and a last-minute application (or stipulation) that is

16.

denied will not serve to relieve a party of an underlying obligation (e.g., a soon-to-expire deadline).

**11.** **Prison Litigation Reform Act ("PLRA") Exhaustion Motions.** The issue of exhaustion under the PLRA must be raised at the beginning of the litigation. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A party seeking to obtain a judicial determination of any material fact dispute precluding summary judgment on the exhaustion issue must file before this Court a request for a hearing within fourteen (14) days of the filing of the order denying summary judgment. The failure to file a timely request may be construed as a waiver of the exhaustion issue.

**12.** **Bankruptcy Appeals.** Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court. The matter is deemed under submission on the filing of the appellant's reply brief. The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

**H.** **SANCTION FOR FAILURE TO COMPLY**

If, without satisfactory explanation, counsel fail to file the required Joint Rule 26(f) report or the required pretrial documents, fail to appear at any scheduled proceeding, or otherwise fail to comply with the Court's orders or rules, the Court shall take any action it deems appropriate, including: (i) dismissal of the case for failure to prosecute, if the failure occurs on the part of the plaintiff; (ii) striking the answer resulting in default if such failure occurs on the part of the defendant; (iii) imposing monetary sanctions against the offending party and counsel, and/or (iv) where applicable, revoking the pro hac vice status of attorneys so admitted.

Dated:  July 5, 2026

_____
HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE

17.